*Russell v. Westchester Cmty. Coll.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-five.

Present:
> JOHN M. WALKER, JR.,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

SUZAN RUSSELL,

> *Plaintiff-Appellant,*

v.                                                                          23-7572

WESTCHESTER COMMUNITY COLLEGE, VERONICA DELCOURT, HEATHER OSTMAN, COUNTY OF WESTCHESTER,

> *Defendants-Appellees.**

---

* The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR PLAINTIFF-APPELLANT: MARSHALL B. BELLOVIN, Ballon Stoll P.C., New York, NY.

FOR DEFENDANTS-APPELLEES: SHAWNA C. MACLEOD, *for* John M. Nonna, Westchester County Attorney, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Halpern, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Suzan Russell sued Westchester Community College ("WCC"), Westchester County, and two WCC administrators (collectively, "Defendants") after WCC decided not to offer Russell courses to teach during the fall 2014 semester. Russell brought claims under the Americans with Disabilities Act ("ADA") and the New York State Human Rights Law ("NYSHRL"), alleging that "she was discriminated against for having heart problems and terminated in retaliation for complaining about the discriminatory treatment." Appellant's Br. at 1. The district court granted summary judgment to Defendants. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"We review the district court's decision to grant summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Booker v. Graham*, 974 F.3d 101, 106 (2d Cir. 2020) (quotation marks omitted). To establish prima facie disability discrimination, a plaintiff must show that "(1) [her] employer is subject to the [relevant statute]; (2) [she] was disabled within the meaning of the [relevant statute]; (3) [she] was otherwise qualified to perform the essential functions of

2

[her] job, with or without reasonable accommodation; and (4) [she] suffered adverse employment action because of [her] disability." *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013) (quotation marks omitted). "Once the plaintiff has established a prima facie case, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for its adverse action," at which point "the burden then shifts back to the plaintiff to prove that the employer's stated reason was pretext for discrimination." *Bart v. Golub Corp.*, 96 F.4th 566, 570 (2d Cir. 2024) (quotation marks omitted); *see also Tafolla v. Heilig*, 80 F.4th 111, 118 (2d Cir. 2023) ("We evaluate . . . claims under the ADA and NYSHRL using the familiar *McDonnell Douglas* burden-shifting framework."). "The burden-shifting framework under *McDonnell Douglas* also applies to retaliation claims under both the ADA and the NYSHRL." *Tafolla*, 80 F.4th at 125.

We need not decide whether Russell established a prima facie case of discrimination or retaliation because she failed to rebut Defendants' legitimate reasons for opting not to bring her back for the fall 2014 term—*i.e.*, her "inappropriate," "bizarre," and "rude and belligerent" conduct in May 2014. Supp. App'x at 65, 188. On May 2, for instance, Russell emailed Dean Veronica Delcourt and Professor Heather Ostman, Chair of the English Department, saying "I can be a pushy dirt bag" and "if you ever want to get rid of anyone (fire them, let them go, kiss them goodbye), I can help you do that without getting sued . . . I'm very good at it." *Id*. at 153. On May 7, Russell emailed Delcourt, "I have a heart attack and I'm getting crap . . . Nothing in academia surprises me anymore. There's an insular arrogance about it . . . What the hell is wrong with you people?" *Id.* at 159. That same day, Russell emailed Ostman, Delcourt, and others to "again apologize for my 'crankiness'" and her "litigious initial response," noting that "it's hard to

3

turn that off sometimes. They don't call me . . . 'bulldog' for no reason. Believe me, you would not want to sit across the table from me in a deposition. I'm a son-of-a-sea cook." *Id.* at 156.[1]

"[I]nappropriate behavior is indisputably a legitimate non-discriminatory reason for dismissing" an employee. *McElwee v. Cnty. of Orange*, 700 F.3d 635, 644 (2d Cir. 2012); *see also id*. at 641 n.4 ("The ADA does not excuse workplace misconduct because the misconduct is related to a disability." (quotation marks omitted)). And as shown above, Defendants pointed to "a veritable arsenal of undisputed, documented examples of [Russell's] inappropriate actions." *Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir. 1985). On appeal, Russell maintains that Defendants' "purported justifications" are "littered with countless holes and inconsistencies." Appellant's Br. at 26. Specifically, she argues that a jury could find that WCC refused her reappointment because of her alleged health issues, that Defendants offered "shifting and contradictory justifications" for the non-renewal decision, that any suggestion that she mishandled accusing a student of plagiarism was "entirely unfounded," and that WCC failed to solicit her view of the plagiarism incident. *Id*. at 26-27. But those arguments fail to address the fact that Defendants viewed Russell's conduct as "insubordinate, disruptive, and unprofessional." Appellees' Br. at 15. No reasonable jury could find on this record that Defendants' proffered explanation for their decision amounted to pretext.[2]

---

[1] Russell also insisted that WCC "owe[d]" her "$74,342.40" for office hours "I have given you without pay." Supp. App'x at 154. And in at least seven emails sent in the span of two days, she accused Ostman of being involved with an unrelated lawsuit that Russell brought against a different university, warning Ostman that "if you were smart, you'd stay out of this because it's way too big for you." *Id.* at 161.

[2] Because we find that Russell failed to establish a triable issue of fact as to her discrimination and retaliation claims, we also conclude that Defendants were entitled to summary judgment as to Russell's aiding and abetting claims.

\*      \*      \*

We have considered Russell's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court